E. H. Jarman and Hut Jarman, Inc., *Appellants*, vs. Sidney Kleeburg, et al., *Appellees*.

136 So. 448.

Division A.

Opinion filed July 27, 1931.

*D. Niel Ferguson,* for Appellants;
*Hampton & Greene,* for Appellees.

BUFORD, C.J.—The bill of complaint in effect alleges that Kleeburg, who was the party of the first part, appellee here, and Jarman, who was the party of the second part, appellant here, entered into a contract under the terms of which Kleeburg delivered to Jarman $1875.00 in payment for the conditional purchase of an option of certain contingent commissions to be derived from the sale of real estate in the sum of $3750.00, together with the 20% interest in a certain sales contract.

The party of the second part agreed in the contract that if commissions were not paid as per contract between one Major Cramer and one Lucile Potter the party of the second part upon the additional payment to him by party of the first part of $675.00 should deed to the party of the first part all of block 2 of Lake Weir Beach Section according to the records of Marion County, Florida. It was further agreed between the parties that a warranty deed by the party of the second part to the party of the first part conveying the lands above described to be placed in escrow until the parties agree that "this proposition is a success or failure and the proper closing of this matter

is effected to the satisfaction of the party of the first part as agreed above." This quoted phrase is construed to mean that the deed would remain in escrow until it was determined whether or not the commissions under the Cramer-Potter contract would be paid.

On February 21, 1929, the deed was placed in escrow with D. Niel Ferguson, Esquire, under the terms of a letter as follows:

"D. Niel Ferguson, Esq.,
Ocala, Florida.
Dear Sir:

We hand you herewith warranty deed from E. H. Jarman and wife to Sidney Kleeberg covering Block Two of Lake Weir Beach Section, as per plat recorded in Plat Book "C" at pages 54 and 55 of the public records of Marion County, Florida, which deed you are to deliver to Sidney Kleeberg on payment of six hundred and seventy-five dollars on February 20th, 1930, if in the meantime Mr. Kleeberg's share of the commissions under that certain contract dated October 3rd, 1928, between Lucile Potter and G. K. Webster does not amount to thirty-seven hundred and fifty dollars. If Mr. Kleeberg's share of said commissions aggregate thirty-seven hundred and fifty dollars then Mr. Kleeberg does not have the right to take up said deed for said amount or any other amount, and you are directed to return said deed to E. H. Jarman.

Yours truly,
E. H. Jarman."

Upon which letter appeared the following endorsement:

"The above deed is held by me under the above agreement.

D. Niel Ferguson."

It is further alleged in effect that the commission referred to in the letter and in the contract was not paid; that on February 20th 1930 Kleeburg went to the escrow holder and offered to pay the balance of $675.00 and take the deed held in escrow but that the escrow holder failed and refused to deliver the deed and informed Kleeburg

that Jarman had sold and conveyed the property to Hut Jarman, Inc. and that the said Ferguson then and there advised Kleeburg that it would be idle and useless for him to tender the amount of $675.00 because he, Ferguson, would in no event deliver the deed executed by Jarman to Kleeburg. That in truth and in fact the said Jarman had on the 4th day of February, 1930, made and executed to Hut Jarman, Inc. a deed of conveyance whereby he conveyed the said lands and put it beyond the power of Jarman to convey the title to Kleeburg. It was alleged that Hut Jarman, Inc., was a Florida corporation organized by E. H. Jarman and that the corporation took title to the property with the full knowledge of the contract between Kleeburg and Jarman. The contract between Kleeburg and Jarman was recorded in the public records of Marion County, Florida, on the 4th day of February, 1930.

The bill alleges that the title to the property agreed to be conveyed by Jarman to Kleeburg was in Pearl V. Jarman, the wife of E. H. Jarman, but it also alleges that ''in truth and in fact the title to the property belonged to the defendant Jarman and that the holding of the same by the wife was for their own peculiar interests.''

Neither the contract nor the escrow letter was executed by Pearl V. Jarman. E. H. Jarman, his wife Pearl V. Jarman, and Hut Jarman, Inc., a corporation, were all parties defendant to the suit. The bill prayed for rescission and cancellation of the agreement between Kleeburg and Jarman; for a decree that Kleeburg have a lien upon the lands described in the contract to secure him in the payment of $1875.00 paid by Kleeburg to Jarman and that the lien be foreclosed and that in event of the failure of Jarman to pay the said sum that the lot be sold under order of court to satisfy the decree.

Demurrer to the bill of complaint was overruled.

The bill of complaint sets up a sufficient cause of action to warrant the relief prayed under authority of the

opinion and judgment in the case of Musselwhite vs. Olson, 60 Fla. 342, 53 Sou. 944, except in this: the bill of complaint alleges that the record title was in the name of Pearl V. Jarman and it fails to allege sufficient facts to show that the title was held by her in trust for E. H. Jarman. As a suit in equity to enforce the payment of a claim of this character is only maintainable upon the theory that the complainant is entitled to a lien upon the property involved for the amount of his claim, the bill in this case is insufficient to give a court of equity jurisdiction. There is no ground for rescission and cancellation in behalf of the complainant because there is no contract by which he is obligated to do anything.

For the reasons stated, the order overruling the demurrer should be reversed with directions that the demurrer be sustained and the complainant be allowed a reasonable time to be fixed by the chancellor in which to amend his bill of complaint, if he desires so to do, and, failing therein, that the bill be dismissed. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.